JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
On March 3, 2004, defendant-appellant Charles Flagg entered a guilty plea to two counts of trafficking in cocaine and one count of having a weapon while under a disability. In exchange for the guilty plea, the state dismissed the major-drug-offender-specifications attached to the trafficking charges. After reviewing a presentence-investigation report, the trial court imposed an eight-year prison term for each trafficking offense and an eleven-month prison term for the remaining offense, all to be served concurrently. Flagg now appeals the imposition of his sentence.
On appeal, Flagg's counsel has filed an appellate brief in accordance with Anders v. California,[1] stating that counsel has thoroughly reviewed the record and can discern no reversible error in the proceedings in the trial court. Consequently, counsel seeks to withdraw from representation and has requested that this court, consistent with Anders,
independently review the record to determine whether the proceedings below were free from prejudicial error.
From the plea transcript, it is clear that Flagg understood the maximum sentence he could potentially receive on each count. The sentencing transcript and the felony-sentencing worksheet demonstrate that the trial court made the requisite statutory findings prior to imposing Flagg's sentence. Thus, after reviewing the entire record, we conclude that prejudicial error did not attend the proceedings below, and we hold that there are no grounds to support a meritorious appeal. The judgment of the trial court is, therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
Although we have concluded that this appeal is frivolous pursuant to App. R. 23 and is without "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Flagg because the record reveals that he is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.